ESTER TUBIN, Plaintiff, v. SPRINGFIELD FIRE AND MARINE INSURANCE COMPANY OF SPRINGFIELD, MASSACHUSETTS, and HENRY J. HUMBURCH, Defendants. And eight other actions brought by the same plaintiff against several other defendants as follows: ATLAS ASSURANCE COMPANY, LIMITED, OF LONDON, ENGLAND, and Another; THE GIRARD FIRE AND MARINE INSURANCE COMPANY OF PHILADELPHIA and Another; THE FRANKLIN FIRE INSURANCE COMPANY OF PHILADELPHIA and Others; COMMERCIAL UNION ASSURANCE COMPANY, LIMITED, OF LONDON, ENGLAND, and Others; NORWICH UNION FIRE INSURANCE SOCIETY, LIMITED, and Another; THE FARMERS' FIRE ASSURANCE COMPANY OF YORK, PENNSYLVANIA, and HENRY J. HUMBURCH; FIREMAN'S FUND INSURANCE COMPANY OF SAN FRANCISCO, CALIFORNIA, and Another; GLENS FALLS INSURANCE COMPANY OF GLENS FALLS, NEW YORK, and Another; THE CONTINENTAL INSURANCE COMPANY OF THE CITY OF NEW YORK and Others.— Order modified so as to provide for consolidation of all the actions except that of Tubin v. Springfield Fire & Marine Ins. Co. of Springfield, Mass., and Another (Action No. 2), and further to provide that the successful party in the consolidated action, if the plaintiff, may tax as costs only such costs as he would have been entitled to had the action been originally brought in the consolidated form against all the defendants, and

that a successful party, if a defendant, may tax with its costs such costs as have heretofore accrued to it in the unconsolidated actions, and as so modified the order is affirmed without costs· of this appeal to either party, on the ground that the action against the Springfield Fire and Marine Insurance Company involves a question of *res adjudicata* and proof in respect to this would be prejudicial to the substantial rights of the other insurance companies defendants to have the value of the insured property determined as an original matter, and that the plaintiff asking for consolidation of actions which he could originally have joined in one action should not in the absence of special circumstances be entitled to greater costs than if he had originally brought but one action. All concur. Present — Hubbs, P. J., Clark, Sears, Crouch and Sawyer, JJ.